J. V. ROCA LUMBER & HARDWARE COMPANY   (    NO. 8741
       INCORPORATED

           VS.                ))    COURT OF APPEAL FOR

C.H.FRICK & R.B.CHAMBERS, IN SOLIDO  (    THE PARISH OF ORLEANS
                                 )

- - - - - - - - -

WILLIAM A. BELL, JUDGE

- - - - - -

FEBRUARY 5, 1923.

Opinion by WILLIAM A. BELL, Judge.

This suit by plaintiff, a furnisher of materials used in repair of a certain building, is brought against the owner of the building and against the contractor, the latter defendant, as contractor, having purchased from plaintiff certain lumber unpaid for and valued at $261.60, the amount herein claimed. There was judgment by default against the contractor, who has not appealed, but plea of prescription filed by the defendant owner was maintained, and plaintiff's suit as against the owner was, accordingly, dismissed. From the judgment maintaining the exception of prescription plaintiff has appealed. The exception is predicated upon the allegation that the plaintiff failed to serve upon the owner a detailed attested account or to record the same in support of its lien until almost a year after the owner had paid the contractor in full and had accepted the work done under the contract. There is no dispute as to the facts. The record shows the work to have been done under a verbal contract, for the sum of $2,000.00. There was no bond given or recorded. The work was begun in January, 1921, completed about two months later, and the last installment payment made in full discharge of the above contract price, on March 21, 1921. The owner testifies that he knew nothing of the contractor's failure to pay the plaintiff for the material furnished until about February 9, 1922, the date upon which this suit was filed and upon which the attested account was served and recorded.

It is contended by appellant that under Act 229 of 1916, no written acceptance of the work by him as owner nor recordation of the same by him in the Mortgage Office was nec-

31

essary in order that the forty-five days provided in Act 229 should begin to run in his favor against any unpaid material men seeking to assert and enforce any claim or privilege against him or his property, and that the attested claim, now sued upon, never having been recorded until almost a year after his acceptance of the work, as shown by his full payment therefor, plaintiff's action has accordingly prescribed,

On the other hand, Counsel for ~~defendant~~ appellant says that Act 262 of 1916, not act 229 of 1916, must govern and preserve his right of action herein sued upon. It is argued that Act 229, not providing how the acceptance must be evidenced, it follows that recordation of acceptance in writing, as required by Act 262, must apply; furthermore, that Act 229 applies only to cases where the agreement to furnish supplies is made directly with the owner and not with the contractor, as in this case; and, lastly, that Act 262 of 1916, being the last Act on the subject, supercedes Act 229 of the same year insofar as said Acts may be in conflict.

Which of the two aforesaid Acts is to be applied to the instant case is the initial question for determination, and whether plaintiff has complied with the law so as to acquire the right of action pleaded by him, is the remaining question.

We find no merit in plaintiff's first contention, which, as we understand it, would impel the Court to adopt or apply that one, of two statutes similar in their legislative purposes, which would prove most favorable to one of the litigants, irrespective of the application of either statute to the facts under consideration. Examination of the case of Conroy v. Oil Co., 143 La., 881, does not lead us to the conclusion that the Court intended to hold that Act 229 in its entirety was applicable solely to cases in which the contract was

made with the owner rather than with the contractor, dealing in turn with sub-contractors for material and labor furnished in building, etc., belonging to the owner. The provisions of Section 3 of Act 229 giving to any unpaid sub-contractor a privilege on any funds in the hands of the owner which may still be due the contractor, precludes any belief that the Supreme Court could have intended to hold in the cited case, that Act 229 was enacted only for the protection of such material men or others who had contracted directly with the owner, or, on the other hand, for the protection of only such owners as had procured labor and material directly from the contractor. The last contention of plaintiff is plainly without force as shown by the last repealing clause of Act 229, which provides as follows:

> "* * * that this Act shall not be construed to repeal or effect the operations of Act 167 of 1912, as amended by an Act adopted at this session of the General Assembly,"

meaning, of course, Act 262.

In the present case we have already noted that no written contract existed between defendants herein with themselves, nor between the plaintiff herein with either of the defendants; that no bonds were given or recorded, and that though the amount of the verbal contract was over $500.00, no written acceptance of the work was given or recorded by the owner. These facts are, in many respects, shown to be similar to the facts existing in the case of Musey v. Prater et al., 147 La., P. 71, where the Court on re-hearing said:

> "We are of the opinion that Act 229 refers to all buildings contracts, regardless of amount, whether verbal or in writing, where no bond, or a defective bond, is given by the contractor, and the contract and bond are not recorded in the manner provided for in Act 262."

33

The record proof in the case before us to the effect that the entire contract price of $2,000.00 was paid by the owner to the contractor leads us to the conclusion that the work was formally accepted by the owner and that the failure on the part of appellant to record his lien within forty-five days after such acceptance must be fatal to his recovery.

We are of the opinion that the provisions of Act 289 and not those of Act 262 is the law applicable to the case now before us, and that inasmuch as Act 229 does not provide for the recordation of a written acceptance by the owner of the work contracted for, as evidence of his acceptance, proof in this case of full payment on March 21, 1921, establishes sufficient evidence of acceptance within the forty-five days. We think the exception of prescription has been properly maintained.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the judgment appealed from be and the same hereby is affirmed, appellant to pay all costs as against appellee in both courts.

FEBRUARY 5, 1923.                    JUDGMENT AFFIRMED.